TrippE, Judge.
1. In the cases of Wise vs. Copley, Stone & Company, and Riddle vs. the same, 36 Georgia 508, the old and well settled rule was reannounced, “that one partner cannot dispose of the partnership property in payment of his individual debt without the consent of his co-partners, either express or by necessary implication.” The reason of this rule is obvious, and that a contrary one would be dangerous and mischievous, is also apparent. In the present case it does not appear that W. B. Knott, one of the partners, was consenting to or cognizant of the arrangement made by Wrigley and the other partner with the creditor of that partner as to the payment of his debt with the partnership assets. Besides, when the creditor got the goods he g£tve his note at sixty days, payable at a bank, and that is the note on which suit is brought, and to which this defense is made. Had the contract between Wrigley, J. W. Knott and the creditor been fully executed by a transfer to the firm of the creditor’s claim on J. W. Knott in payment of the goods purchased, and no note or other credit given on the purchase of the goods, the case might have been different. In such a transaction there would be the purchase by the authority of one disinterested partner, of a debt *371 on another partner, and it might not be obnoxious to the charge of being in violation of the rule above stated. Nor do we mean to decide what would have been the equities of Harper, the ^creditor of J. W. Knott, as against Wrigley & Knott, in so far as he may have had a right to a verdict so moulded as to have limited the recovery to the interest of W. R. Knott, provided a necessity for it had been shown, and the pleadings and evidence would have allowed it.
. 2. The evidence was sufficiently conclusive of the fact that W. R. Knott was a partner, so as to have justified the charge of the Court excepted to, and the verdict.
Judgment affirmed.